IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Weldon Eugene Holtzclaw, Jr., ) | C/A No. 6:25-cv-03396-DCC |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Guard Staff of Greenville County ) | |
| Detention Center, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff, a pretrial detainee proceeding *pro se*, brought this action seeking damages pursuant to 42 U.S.C. § 1983. ECF. No. 1. Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action were referred to United States Magistrate Judge Kevin F. McDonald.

By Order filed on August 13, 2025, Plaintiff was informed that his case was not in proper form for service, and he was provided instructions on how to bring it into the proper form. ECF No. 5. Plaintiff was informed that his failure to bring the case into proper form would subject his complaint to dismissal for failure to prosecute and failure to comply with an order of the Court. *Id*. at 1. Plaintiff responded to the order, but did not provide properly completed service documents. By Order filed September 5, 2025, Plaintiff was informed for a second time that his case was not in proper form for service, and he was provided instructions on how to bring it into the proper form – including how to complete proposed service documents for Defendants. ECF No. 11. Plaintiff was informed for a second time that his failure to bring the case into proper form would subject his complaint to dismissal for failure to prosecute and failure to comply with an order of the Court. *Id*. at 1. Plaintiff responded to the second Order but still failed to comply with its requirements by failing to

provide the appropriate documents to bring his case into proper form.  As such, Plaintiff has not complied with this Court's Orders, and the time to respond has now passed.

On September 24, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  ECF No. 18.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so.  Plaintiff filed a motion to amend, objections, and a second motion to amend.  ECF Nos. 20, 21, 23.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Court has thoroughly reviewed all of Plaintiff's filings.  Significantly, Plaintiff does not request additional time to complete the service documents; in fact, at one point

he asserts that he is not required to complete them. ECF No. 21 at 2. Accordingly, upon de novo review, the Court agrees with the recommendation of the Magistrate Judge that this action is subject to dismissal pursuant to Rule 41(b).[1]

---

[1] To the extent Plaintiff's responses to the proper form orders [7, 16] should be considered an appeal, the Court will address that here. The Magistrate Judge's order is non-dispositive. Federal Rule of Civil Procedure 72(a) permits a party to submit objections/appeals to a magistrate judge's ruling on non-dispositive matters. Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). The objections/appeal must be filed and served within 14 days after being served a copy of the non-dispositive order. Id. Further, the Court's review is governed by the clearly erroneous or contrary to law standard of review. Id. Only if the decision is clearly erroneous or contrary to law may the district judge modify or set aside any portion of the decision. Id. A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364 (1948). The Court has reviewed the Magistrate Judge's order and Plaintiff's appeal. Upon such review, the Court finds that the Magistrate Judge's order is neither clearly erroneous nor contrary to law. Accordingly, the appeal is denied.

To the extent any of Plaintiff's filings should be liberally construed as requesting recusal of the undersigned, that request is denied. Recusal of federal judges is generally governed by 28 U.S.C. § 455. Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003). It appears that any request for recusal is solely based upon prior rulings in Plaintiff's various cases. However, judicial rulings alone, "almost never constitute a valid basis for a bias or partiality motion." See Liteky v. U.S., 510 U.S. 540, 555 (U.S. 1994). "In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism." Id. Any such request, therefore, is insufficient as a matter of law to establish any basis for recusal and is denied.

**CONCLUSION**

Plaintiff has failed to prosecute this case and has failed to comply with Orders of this Court. Accordingly, the case is dismissed without prejudice, pursuant to Rule 41 of the Federal Rules of Civil Procedure.[2]  *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

December 12, 2025
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] Plaintiff's motion for leave to proceed in forma pauperis [8] and motions to amend [20, 23] are **FOUND as MOOT**.